# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2013AP2088-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against David V. Moss, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>          Complainant,<br>     v.<br>David V. Moss,<br>          Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST MOSS

| | |
|---|---|
| OPINION FILED: | August 2, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2013AP2088-D

STATE OF WISCONSIN : IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against David V. Moss, Attorney at Law:

Office of Lawyer Regulation,

      Complainant,

  v.

David V. Moss,

      Respondent.

**FILED**

**AUG 2, 2017**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY reinstatement proceeding. *Reinstatement granted with conditions.*

¶1 PER CURIAM. We review a report filed by Referee James C. Boll recommending that the court reinstate the license of David V. Moss to practice law in Wisconsin. Upon careful review of the matter, we agree that Attorney Moss's license should be reinstated, with the conditions described herein. We further agree with the referee that Attorney Moss should be required to pay the full costs of the reinstatement proceeding, which are $3,321.79 as of May 22, 2017.

¶2 Attorney Moss was admitted to practice law in Wisconsin in 2009 and practiced in Galesville. Attorney Moss currently lives in the state of Washington. In 2014, Attorney Moss's license to practice law in Wisconsin was suspended for a period of two years for 35 counts of misconduct, which involved eight separate client matters. In re Disciplinary Proceedings Against Moss, 2014 WI 95, 357 Wis. 2d 324, 850 N.W.2d 934. Attorney Moss's misconduct included repeatedly taking fees from clients and failing to perform the work for which he was hired; failing to communicate with clients regarding the status of their matters; and failing to return fees and client files upon request. Attorney Moss was later reciprocally disciplined by the United States Patent and Trademark Office.

¶3 In July 2016, Attorney Moss filed a petition seeking the reinstatement of his Wisconsin law license. In January 2017, the Office of Lawyer Regulation (OLR) filed a response stating it did not oppose the reinstatement petition. A public hearing was held on April 3, 2017. Attorney Moss called three witnesses at the hearing, two attorneys in Washington state and a longtime friend. All three testified they would refer clients to Attorney Moss and believe he would be a good lawyer. One former client of Attorney Moss testified at the hearing that he did not believe Attorney Moss should be reinstated to practice law. However, the former client said he had not spoken with or observed Attorney Moss for over three years.

¶4 On May 2, 2017, the referee issued his report and recommendation recommending that Attorney Moss's Wisconsin law

2

license be reinstated.  The referee commented that during the reinstatement hearing, Attorney Moss testified with sincerity regarding his previous disciplinary issues, took responsibility for his actions, and apologized on the record to his clients. The referee noted that Attorney Moss testified he had been diagnosed with a bi-polar disorder in March of 2014 and that he controls this condition under the supervision of a doctor with prescribed medication and regular sessions with a counselor. The referee said that while he understands the frustration of the former client who opposed Attorney Moss's reinstatement, all available evidence in the record indicates that Attorney Moss has changed from the individual the former client encountered and the record demonstrates that Attorney Moss, with the help of medication and under a doctor's supervision, now has the moral character to practice law.

¶5   The referee concluded that Attorney Moss satisfied the burden of proof and requirements for reinstatement set forth in Supreme Court Rule (SCR) 22.31.  The referee recommends that Attorney Moss's Wisconsin law license be reinstated with the following conditions:

1)   Attorney Moss continue in counseling with a therapist who treats bi-polar conditions.

2)   Attorney Moss continue in treatment with a physician who prescribes medication for bi-polar conditions.

3)   Attorney Moss cooperate by taking the medication prescribed for his bi-polar condition.

4)   Attorney Moss not consume any illegal drugs.

5) For a period of two (2) years following reinstatement, Attorney Moss provide the OLR with quarterly written reports from his therapist and his prescribing physician that he is cooperating with therapy and with taking the prescribed medication for his bi-polar condition.

¶6 The referee also recommends that Attorney Moss pay the full costs of the reinstatement proceeding. No appeal has been filed from the referee's report and recommendation.

¶7 Supreme Court Rule 22.31(1) provides the standards to be met for reinstatement. The petitioner must show by clear, satisfactory, and convincing evidence that he or she has the moral character to practice law, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive to the public interest, and that he or she has complied with SCR 22.26 and the terms of the order of suspension. In addition, SCR 22.31(1)(c) incorporates the statements that a petition for reinstatement must contain pursuant to SCR 22.29(4)(a)-(4m). Thus, the petitioning attorney must demonstrate that the required representations in the reinstatement petition are substantiated.

¶8 When we review a referee's report and recommendation, we will adopt the referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. We concluded that the referee's findings support a determination that Attorney Moss has met his burden to establish by clear, satisfactory, and

4

convincing evidence that he has met all of the standards required for reinstatement.

¶9 The referee found that during the period of his suspension, Attorney Moss has not practiced law in Wisconsin or any other jurisdiction. The referee noted that Attorney Moss's suspension required him to make restitution and to pay the costs of the disciplinary proceeding and he has satisfied those conditions. The referee found that Attorney Moss has maintained competence and learning in the law by attending identified educational activities. The referee specifically found that Attorney Moss's conduct since the suspension has been exemplary and above reproach. The referee noted that during his suspension, Attorney Moss has pursued a certification as a certified professional horticulturist and has also spent time assisting a friend growing vegetables for a local food bank. The referee found that Attorney Moss has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with those standards.

¶10 The referee noted that Attorney Moss has represented that if his license to practice law is reinstated, he would potentially seek employment in Seattle, Washington to practice immigration law. One of the attorneys who testified on Attorney Moss's behalf at the reinstatement hearing said he would offer Attorney Moss such employment. In addition, the referee noted that Attorney Moss testified he may return to Wisconsin to

5

practice law in Green Bay in the areas of water law, permitting, land use, immigration, and criminal law.

¶11 This court agrees with the referee that Attorney Moss has met his burden of proof with respect to all elements needed to justify his reinstatement. We further agree that it is appropriate to impose the conditions on Attorney Moss's practice of law recommended by the referee. Finally, we agree with the referee's recommendation that Attorney Moss should pay the full costs of the proceeding.

¶12 IT IS ORDERED that the license of David V. Moss to practice law in Wisconsin is reinstated effective the date of this order.

¶13 IT IS FURTHER ORDERED that, as a condition of the reinstatement of his license to practice law in Wisconsin, David V. Moss shall, until further order of the court, comply with the following conditions:

1) Attorney Moss continue in counseling with a therapist who treats bi-polar conditions.

2) Attorney Moss continue in treatment with a physician who prescribes medication for bi-polar conditions.

3) Attorney Moss cooperate by taking the medication prescribed for his bi-polar condition.

4) Attorney Moss not consume any illegal drugs.

5) For a period of two (2) years following reinstatement, Attorney Moss provide the Office of Lawyer Regulation with quarterly written reports from his therapist and his prescribing physician that he is cooperating with therapy and with taking the prescribed medication for his bi-polar condition.

6

¶14 IT IS FURTHER ORDERED that within 60 days of the date of this order, David V. Moss shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $3,321.79 as of May 22, 2017.

¶15 IT IS FURTHER ORDERED that compliance with all of the terms of this order remains a condition of David V. Moss's license to practice law in Wisconsin.